**1018**

■

**Theodora DelPONTE**

v.

**Paul PUSYKA.**

**No. 92–17–Appeal.**

Supreme Court of Rhode Island.

Oct. 22, 1992.

**ORDER**

This case came before a three-member panel of this court for oral argument on October 20, 1992, pursuant to an order directed to the plaintiff to appear and show cause why her appeal should not be summarily decided.

The plaintiff, Theodora DelPonte, appeals from a Superior Court justice's denial of her request to present evidence of punitive damages. The plaintiff owns a house located next to an establishment owned by defendant, Paul Pusyka. On October 25, 1985, defendant's establishment exploded and severely damaged plaintiff's household. In connection with this explosion, defendant was convicted of arson. The plaintiff then filed suit for compensatory and punitive damages for destruction of her property. Prior to trial, the trial justice granted defendant's motion in limine seeking to preclude plaintiff from introducing evidence on punitive damages.

We believe the trial judge erred in excluding this evidence. Punitive damages are proper in cases where "the defendant's actions are so willful, reckless, or wicked that they amount to criminality." *Greater Providence Deposit Corp. v. Jenison,* 485 A.2d 1242, 1244 (R.I.1984) (citing *Serra v. Ford Motor Credit Co.,* 463 A.2d 142, 151 (R.I.1983). In this case the defendant's actions did not only "amount to criminality," they were in fact criminal. The trial justice reasoned that because the damage to the plaintiff's property was tangentially related to the defendant's burning of his own establishment, punitive damages were inappropriate. We disagree. Injury to the plaintiff's property was a foreseeable consequence of the defendant's criminal conduct. We conclude that the plaintiff was

the victim of the type of reckless and wanton behavior which entitles her to prosecute a claim for punitive damages.

Accordingly, we sustain the defendant's appeal, vacate the order appealed from, and remand the case to Superior Court for trial on the issue of punitive damages.

FAY, C.J., did not participate.